## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

JOHN DOE 1, as parent and natural guardian of PLAINTIFF C, his minor child; JOHN DOE 2, as parent and natural guardian of PLAINTIFF D, his minor child; JANE DOE 1 as parent and natural guardian of PLAINTIFF B and PLAINTIFF M, her minor children; JANE DOE 2, as parent and natural guardian of PLAINTIFF J, her minor child; and JANE DOE 3, as parent and natural guardian of PLAINTIFF S, her minor child,

               Plaintiffs,

   vs

JOSEPH R. FRANCIS; MRA HOLDING LLC, a California limited liability company; MANTRA FILMS, INC., an Oklahoma corporation (d/b/a "Girls Gone Wild"); AERO FALCONS, LLC, a Delaware limited liability company; MARK D. SCHMITZ; and RYAN DAVID SIMKIN,

               Defendants.

Case No.: 5:03 cv 260-LAC/MCR

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME the Plaintiffs John Doe 1, as parent and natural guardian of Plaintiff

C (hereinafter PC), his minor child; John Doe 2, as parent and natural guardian of

Plaintiff D (hereinafter PD), his minor child; Jane Doe 1 as parent and natural guardian of

CH1 10566311.1

OFFICE OF CLERK
U.S. DISTRICT CT
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

03 OCT -8  AM 10: 00

FILED

1

Plaintiff B (hereinafter PB) and Plaintiff M (hereinafter PM), her minor children; Jane

Doe 2, as parent and natural guardian of Plaintiff J (hereinafter PJ), her minor child; and

Jane Doe 3, as parent and natural guardian of Plaintiff S (hereinafter PS), her minor child,

by their attorneys, Harrison, Sale, McCloy and Thompson, Chartered and Seyfarth Shaw

LLP, and complaining of Defendants Joseph R. Francis; MRA Holding, LLC; Mantra

Film, Inc.; Aero Falcons, LLC; Mark D. Schmitz; and Ryan David Simkin; allege as

follows:

## Jurisdiction and Venue

This is an action for damages in excess of the jurisdictional minimum of this

Court and for injunctive relief.  This Court has jurisdiction under Title 28 USC §1332.

Venue is proper in this district under Title 28 USC §1391(a)(2), and Title 18 USC

§ 1965.

## The Parties

1.      Plaintiffs John Doe 1, John Doe 2 and Jane Doe 1, and their minor

children were at all pertinent times residents of the state of Florida.

2.      Plaintiffs Jane Doe 2 and Jane Doe 3 and their minor children were at all

pertinent times residents of the state of Alabama.

3.      Defendant MRA Holding, LLC (hereinafter "MRA") is a California

limited liability company which has its principal place of business in California.

2

4.     Defendant Mantra Films, Inc. (hereinafter "Mantra") is the sole member and manager of MRA, and is an Oklahoma corporation and whose principal place of business is in California.  Mantra does business as "Girls Gone Wild" (hereinafter "GGW") and produces and markets videotapes and DVDs (hereinafter "GGW videos") under that name throughout the world.

5.     Defendant Aero Falcons, LLC (hereinafter "Aero") is a Delaware limited liability company in which Joseph Francis is a member and the sole owner.  Aero provides GGW aircraft with which GGW conducts its business.

6.     Defendant Joseph R. Francis (hereinafter "Francis") at all pertinent times was an individual residing in the state of Nevada.  Francis is the sole owner and President of Mantra, and the President of MRA.

7.     Defendant Mark Schmitz (hereinafter "Schmitz") at all times pertinent was a resident of Honolulu, HI and an employee, agent or associate of Mantra.

8.     Defendant Ryan David Simkin (hereinafter "Simkin") at all pertinent times was a resident of the state of California and an employee, agent or associate of Mantra.

**<u>Background Facts</u>**

9.     Defendants MRA, Mantra, Aero, Francis, Schmitz, Simkin and other unknown individuals are in the business of producing, directing, editing and distributing

3

sexually graphic videotapes of nude and partially nude women and children for commercial financial gain.

10.     Defendant Francis, as CEO of Mantra, conducts the business of Mantra directly and indirectly through agents and employees, and through the use of vehicles and equipment owned or leased by MRA, Mantra, Aero and Francis.

11.     Among the vehicles and equipment owned or leased directly or indirectly by Mantra are various aircraft, vans, buses and automobiles (hereinafter "GGW Vehicles"), and computers, cameras, video recorders, video players and duplicators, videotapes, editing equipment, dubbing equipment, audio and video equipment, cell phones and other communication devices, GGW logo tee shirts and hats (hereinafter "GGW Production Equipment").

12.     Mantra employs directly or indirectly, the services of various production personnel including Defendants Francis, Schmitz, Simkin, and other unknown individuals (hereinafter "Production Personnel"). These individuals travel from state to state for the purpose of promoting, producing, directing, and marketing GGW videos.

13.     These Production Personnel, as well as other Mantra employees and agents, in the regular course of their employment arrange for the acquisition and interstate transportation of GGW Production Equipment and GGW Vehicles (hereinafter collectively the "GGW Production Materials").

4

14.    In or about March 2003, the Production Personnel and Production Materials traveled interstate to Panama City Beach, Florida for the purpose of producing videos of nude and partially nude females for the GGW video series.

15.    To facilitate this video production, several condominiums and one or more houses were rented by Defendant Simkin and other agent(s) or employee(s) of Mantra from local real estate rental agents, including: unit number 320 at the Chateau Motel; units 304 and 404 of the Hidden Dunes condominiums; unit number 312 of the Pelican Walk condominiums; units 204, 304 and 1003 of the Princess condominiums; unit number 9 at the Silver Sands; and a house at 6719 Gulf Drive, all located in Panama City Beach, Florida.

16.    During the month of March 2003 and up until at least April 4, 2003, Francis and other unknown employees and agents of Mantra, along with Production Materials, traveled to and from Florida via GGW Vehicles including a Gulfstream GII jet plane model number G-1159, serial no. 106, registration no. 141JF, which is owned by Aero, to facilitate the production and distribution of GGW videos.

17.    During the months of March and April 2003, Defendants Francis, Schmitz and Simkin and other unknown individuals, individually and as agents and employees of Mantra, conspired to and did videotape dozens of nude and partially nude women and minor girls for the purpose of marketing their images through the GGW video series for commercial financial gain.

5

18.     During March and April 2003 the Defendants and unknown others did duplicate said videotapes and transport them or their content out of the state of Florida by electronic transfer, Federal Express and other means to be edited and marketed as GGW videos.

19.     GGW videos are sold throughout the United States and other countries via direct mail advertising on television networks including E! and Comedy Central; through retail stores including Best Buy, Blockbuster Video and Movie Gallery; and on a GGW internet site on the worldwide web.

20.     As owner, officer and employee of Defendants MRA, Mantra and Aero, Defendant Francis oversees and controls all aspects of the production and marketing of the GGW video series.

21.     Defendants MRA, Mantra, Aero and Francis are liable for the tortious acts of Defendants Schmitz and Simkin and other unknown GGW representatives as alleged herein under the doctrine of respondeat superior in that the tortious acts so alleged were committed during the course and scope of Schmitz's, Simkin's and other unknown employees' employment by Mantra and to further the purpose or interests of that employer.  Defendants MRA, Mantra, Aero and their owner, Defendant Francis, assisted Defendants Schmitz and Simkin and other unknown representatives of GGW as alleged herein, in accomplishing their tortious acts by virtue of the employer/employee

6

relationship and by providing them with the Production Materials or other assets which were used to facilitate the commission of the various torts alleged.

22.    The tortious acts alleged herein arise out of the individual acts of the Defendants, as specifically alleged, and as a result of an overall conspiracy of all of them and other unknown GGW representatives as alleged herein, to promote the commercial financial interests of each of them. All tortious acts alleged herein were supported and made possible by said conspiracy through the combined efforts, aid, and assets of each of the Defendants and other unknown representatives of GGW.

23.    This is an action for compensatory and punitive damages against all Defendants in an amount exceeding the sum of $75,000, and for specific injunctive relief as outlined herein.

### Count I

### (Action for damages based upon the child abuse of PC under §827.071(3) and §768.735 Florida Statutes)

24.    Plaintiff John Doe 1, as parent and natural guardian of PC, realleges paragraphs 1 through 23 as if specifically set forth herein.

25.    PC is a 17 year old high school student and resident of Panama City Beach, Florida. Her date of birth is February 6, 1986.

26.    On March 31, 2003, PC, PD, PB, PM, and a 16 year old minor female, were driving down Front Beach Road in Panama City Beach, Florida, when they were

7

solicited by Defendant Schmitz and other unknown representatives of GGW, driving in a GGW logo van, to expose their breasts to be videotaped for the GGW video series. Defendant Schmitz was then and there informed that the said PC, PD, PB, and PM were under the age of 18 years old.

27.     Defendant Schmitz further solicited, through the offer of cash payment, PC, PD, PB, and PM and the other aforementioned minor girl, to accompany him and other unknown representatives of GGW to unit 320 of the Chateau Motel to produce videotapes of one or more of them engaged in a sexual performance.

28.     Room 320 of the Chateau Motel had been rented by Defendant Simkin as a representative of Mantra for the purpose of producing videotapes of women and minor girls performing such sexual acts for the GGW video series.

29.     While in unit 320 of the Chateau Motel, Defendant Schmitz and Plaintiffs PC, PD, PB, and PM, along with another minor girl, were joined by Defendant Francis and other unknown representatives of GGW.

30.     Defendants Francis was informed that PC, PD, PB, and PM, as well as the other minor girl, were all under 18 years of age.

31.     Thereafter, Defendants Francis and Schmitz paid Plaintiffs PC and PD each $100 in U.S. currency to engage in sexual conduct with each other in a shower, which Defendant Schmitz then videotaped for the purpose of including such sexual performance of minors in the GGW video series for commercial financial gain. The

8

sexual conduct that PC and PD were induced, coerced and directed to engage in included mutual masturbation, actual physical contact with Plaintiff PC's pubic area, buttocks and breasts as defined by §827.071(1)(g) Florida Statutes.

32.   In so doing, Defendants Francis and Schmitz, acting individually and in their capacity as agents, employees, co-conspirators and, aiders and abettors of Mantra, MRA and Aero, did unlawfully promote a sexual performance of PC, a child less than 18 years of age, while knowing the character and content thereof, in that they produced, directed and promoted a video recording of PC while she was engaged in "sexual conduct" as defined by §827.071(1)(g) Florida Statutes.

33.   This act of promoting the sexual performance of a child, PC, constituted child abuse under §827.03 and §827.071(3) Florida Statutes.

34.   The conduct of the Defendants was intentional and could reasonably have been expected to result in physical and/or mental injury to the child, PC.

35.   The conduct of Defendants did and will continue in the future to result in physical and mental injury to PC which is the direct and proximate result of Defendants' wanton, willful, malicious, reckless and intentional child abuse and, therefore, PC is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff John Doe 1, as parent and natural guardian of PC, demands judgment for compensatory and punitive damages, costs and such further relief as this Court deems just and proper.

9

## Count II

### (Action for damages based upon the child abuse of
### PC under §827.071(2) and §768.735(1) Florida Statutes)

36.     Plaintiff JOHN DOE 1, as parent and natural guardian of PC, realleges paragraphs 1 through 35 as if specifically set forth herein.

37.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin on March 31, 2003 in unit 320 of the Chateau Motel did unlawfully, knowing the character and content thereof, employ and induce PC, a child less than 18 years of age, to engage in a sexual performance as defined in §827.071(2) Florida Statutes.

38.     The conduct of the Defendants was intentional and could reasonably have been expected to result in physical and/or mental injury to the child, PC.

39.     The conduct of Defendants did and will continue in the future to result in physical and mental injury to PC which is the direct and proximate result of Defendants' wanton, willful, malicious, reckless and intentional child abuse and therefore, PC is entitled to compensatory and punitive damages.

40.     PC has suffered and will continue to suffer mental and physical harm as a result of Defendants' child abuse and is entitled to compensatory and punitive damages under §768.735 Florida Statutes.

10

CH1 10566311.1

WHEREFORE, Plaintiff JOHN DOE 1, as parent and natural guardian of PC, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count III

### (Action for damages for the intentional
### infliction of emotional distress upon PC)

41.     Plaintiff JOHN DOE 1, as parent and natural guardian of Plaintiff PC, realleges paragraphs 1 through 40 as if specifically set forth herein.

42.     Defendants MRA, Mantra, Francis, Schmitz and Simkin, on March 31, 2003, in unit 320 of the Chateau Motel did intentionally inflict emotional distress upon PC by paying PC and PD $100 in U.S. currency each to engage in a sexual performance wherein PC was subjected to sexual conduct including:  mutual masturbation; actual physical contact with her breasts, buttocks and genitals; and sexual battery for the purpose of videotaping such performance for the commercial financial exploitation of her image in the GGW video series.

43.     Defendants' conduct in producing, promoting and directing such a sexual performance of children for the commercial exploitation of their images goes beyond all possible bounds of decency, is atrocious and utterly intolerable in a civilized community.

11

44.     PC has and will continue to suffer severe mental and physical harm as a result of Defendants' intentional infliction of emotional distress and is therefore entitled to compensatory and punitive damages.

45.     The injuries so suffered by PC were intentionally, directly and proximately caused by the wanton, willful, malicious, reckless and intentional tortious conduct of the Defendants.

WHEREFORE, Plaintiff JOHN DOE 1, as parent and natural guardian of PC, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count IV

### (Action for damages for the coercion of PC into prostitution under § 796.03, § 796.07 and § 796.09 Florida Statutes)

46.     Plaintiff JOHN DOE 1, as parent and natural guardian of PC, realleges paragraphs 1 through 45 as if specifically set forth herein.

47.     Defendants Francis and Schmitz individually and as aided and abetted by, and as co-conspirators, agents and employees of MRA, Mantra, Aero and Simkin, did on March 31, 2003, in unit 320 of the Chateau Motel procure, coerce and induce PC, a minor child, into prostitution through their payment to PC of $100 in U.S. currency to give and receive her body for sexual activity, to wit:  the handling or fondling of her genitalia by PD for the purpose of masturbation, her handling or fondling of PD's genitalia for the

12

purpose of masturbation, and the vaginal penetration of another by any object within the meaning of § 796.07 Florida Statutes.

48.    PC has and will continue to suffer mental and physical injury as a result of Defendants procuring and coercing her into prostitution and is therefore entitled to compensatory and punitive damages under § 796.09, § 796.07, and § 796.03 Florida Statutes.

WHEREFORE, Plaintiff JOHN DOE 1, as parent and natural guardian of PC, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count V

### (Action for damages for the sexual exploitation of PC under Title 18 USC § 2251)

49.    Plaintiff JOHN DOE 1, as parent and natural guardian of PC, realleges paragraphs 1 through 48 as if specifically set forth herein.

50.    Defendants Francis and Schmitz, individually and as co-conspirators, agents and employees of Defendants MRA, Mantra, Aero and Simkin, on March 31, 2003, in unit 320 of the Chateau Motel employed, used, persuaded, induced, enticed or coerced PC, a minor child, with the intent that such minor child engage in actual sexually explicit conduct for the purpose of producing a visual depiction of such conduct knowing that such depiction would be transported in interstate or foreign commerce, to wit:

13

Defendants paid PC $100 in U.S. currency to masturbate and lasciviously exhibit her genitals and pubic area within the meaning of Title 18 USC § 2256(2)(C) and (E).  At no time did any representative of GGW ascertain by examination of an identification document the name or date of birth of PC or PD as required by Title 18 USC § 2257.

51.     A videotape of this sexually explicit conduct involving PC and PD was subsequently produced by Defendants using materials which had been transported interstate including the GGW Production Materials and said videotaped visual depiction was subsequently transported interstate, all in violation of Title 18 USC § 2251(a) and § 2252(a)(1) and (a)(3)(B).

52.     PC has suffered and will continue to suffer mental and physical injuries as a result of these violations of federal law and is therefore entitled to actual damages of a minimum of $50,000 and the cost of this lawsuit, including reasonable attorneys' fees, under Title 18 USC § 2255(a).

WHEREFORE, Plaintiff JOHN DOE 1, as parent and natural guardian of PC, demands judgment for actual damages of at least $50,000, plus the cost of this lawsuit, including reasonable attorneys' fees.

14

## Count VI

### (Action for damages based upon the child abuse
### of PD under §827.071(3) and §768.735 Florida Statutes)

53.     Plaintiff John Doe 2, as parent and natural guardian of PD, realleges

paragraphs 1 through 52 as if specifically set forth herein.

54.     Plaintiff PD is a 17 year old high school student and resident of Panama

City Beach, Florida.  Her date of birth is December 24, 1985.

55.     On March 31, 2003, PD, PC, PB, and PM, as well as another minor

female, were driving down Front Beach Road in Panama City Beach, Florida, when they

were solicited by Defendant Schmitz and other unknown representatives of GGW,

driving a GGW logo van, to expose their breasts to be videotaped for the GGW video

series.  Defendant Schmitz was then and there informed that the Plaintiffs were under the

age of 18 years old.

56.     Defendant Schmitz further solicited, through the offer of cash payment,

PC, PD, PB, PM, and the other aforementioned minor female to accompany him and

other unknown representatives of GGW to unit 320 of the Chateau Motel to produce

videotapes of one or more of them engaged in a sexual performance.

57.     Unit 320 of the Chateau Motel had been rented by Defendant Simkin as a

representative of Mantra for the purpose of producing videotapes of women and minor

girls performing sexual acts.

15

58.     While in Room 320 of the Chateau Motel, Defendant Schmitz and PD, PC, PB, and PM and another minor girl, were joined by Defendant Francis and other unknown representatives of GGW.

59.     Defendant Francis was informed that PD, PC, PB, and PM and the other minor girl were all under 18 years of age.

60.     Thereafter, Defendants Francis and Schmitz paid PD and PC each $100 in U.S. currency to engage in sexual conduct with each other in a shower, which Defendant Schmitz then videotaped for the purpose of including such sexual performance in the GGW series for commercial financial gain.  The sexual conduct in which PD and PC were induced, coerced and directed to engage included mutual masturbation, actual physical contact with PD's pubic area, buttocks and breasts as defined by §827.071(1)(g) Florida Statutes.

61.     In so doing, Defendants Francis and Schmitz, acting individually and in their capacity as agents, employees, co-conspirators, and aiders and abettors of Mantra, MRA and Aero, did unlawfully promote a sexual performance of PD, a child less than 18 years of age, while knowing the character and content thereof, in that they produced, directed and promoted a video recording of PD while she was engaged in "sexual conduct" as defined by §827.071(1)(g) Florida Statutes.

62.     This act of promoting the sexual performance of a child, PD, constituted child abuse under §827.03 and §827.071(3) Florida Statutes.

16

CHI 10566311.1

63. The conduct of the Defendants was intentional and could reasonably have been expected to result in physical and/or mental injury to the child, PD.

64. The conduct of Defendants did and will continue in the future to result in physical and mental injury to PD, which is the direct and proximate result of Defendants' wanton, willful, malicious, reckless and intentional child abuse and, therefore, PD is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff John Doe 2, as parent and natural guardian of PD, demands judgment for compensatory and punitive damages, costs and such further relief as this Court deems just and proper.

## Count VII

### (Action for damages based on the child abuse of PD under §827.071(2) and §768.735(1) Florida Statutes)

65. Plaintiff John Doe 2, as parent and natural guardian of PD, realleges paragraphs 1 through 64 as if specifically set forth herein.

66. Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin on March 31, 2003 in unit 320 of the Chateau Motel did unlawfully, knowing the character and content thereof, employ and induce PD, a child less than 18 years of age, to engage in a sexual performance as defined in §827.071(2) Florida Statutes.

67. The conduct of the Defendants was intentional and could reasonably have been expected to result in physical and/or mental injury to the child, PD.

17

68.     The conduct of Defendants did and will continue in the future to result in physical and mental injury to PD, which is the direct and proximate result of Defendants' wanton, willful, malicious, reckless and intentional child abuse and, therefore, PD is entitled to compensatory and punitive damages.

69.     PD has suffered, and will continue to suffer, mental and physical harm as a result of Defendants' child abuse and is entitled to compensatory and punitive damages under §768.735 Florida Statutes.

WHEREFORE, Plaintiff John Doe 2, as parent and natural guardian of PD, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count VIII

### (Action for damages for the intentional infliction of emotional distress upon PD)

70.     Plaintiff John Doe 2, as parent and natural guardian of PD, realleges paragraphs 1 through 69 as if specifically set forth herein.

71.     Defendants MRA, Mantra, Francis, Schmitz and Simkin, on March 31, 2003 in unit 320 of the Chateau Motel did intentionally inflict emotional distress upon PD by paying PD and PC $100 in U.S. currency each to engage in a sexual performance wherein PD was subjected to sexual conduct including; mutual masturbation, actual physical contact with her breasts, buttocks and genitalia, and sexual battery, all for the

18

purpose of video taping such performance for the commercial financial exploitation of her image in the GGW video series.

72.    Defendants' conduct in producing, promoting and directing such a sexual performance of children for the commercial exploitation of their images goes beyond all possible bounds of decency, is atrocious and utterly intolerable in a civilized community.

73.    PD has and will continue to suffer severe mental and physical harm as a result of Defendants' intentional infliction of emotional distress and is therefore entitled to compensatory and punitive damages.

74.    The injuries so suffered by PD were intentionally, directly and proximately caused by the wanton, willful, malicious, reckless and intentional tortious conduct of the Defendants.

WHEREFORE, Plaintiff John Doe 2, as parent and natural guardian of PD, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count IX

### (Action for damages for the coercion of PD into prostitution under § 796.03, § 796.07, and § 796.09 Florida Statutes)

75.    Plaintiff John Doe 2, as parent and natural guardian of PD, realleges paragraphs 1 through 74 as if specifically set forth herein.

19

76.     Defendants Francis and Schmitz individually and as aided and abetted by, and as co-conspirators, agents and employees of MRA, Mantra, Aero and Simkin, did on March 31, 2003, in unit 320 of the Chateau Motel, procure, coerce and induce PD, a minor child, into prostitution through their payment to PD of $100 in U.S. currency to give and receive her body for sexual activity, to wit: the fondling of her genitalia by PC for the purpose of masturbation, her fondling of PC's genitalia for the purpose of masturbation, and the vaginal penetration of another by any object within the meaning of § 796.07 Florida Statutes.

77.     PB has and will continue to suffer mental and physical injury as a result of Defendants procuring and coercing her into prostitution and is therefore entitled to compensatory and punitive damages under § 796.03, § 796.07, and § 796.09 Florida Statutes.

WHEREFORE, Plaintiff John Doe 2, as parent and natural guardian of PD, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

### Count X

### (Action for damages for the sexual exploitation of PD under Title 18 USC § 2251)

78.     Plaintiff John Doe 2, as parent and natural guardian of Plaintiff PD, realleges paragraphs 1 through 77 as if specifically set forth herein.

20

79.    Defendants Francis and Schmitz, individually and as co-conspirators, agents and employees of Defendants MRA, Mantra, Aero and Simkin, on March 31, 2003, in unit 320 of the Chateau Motel, employed, used, persuaded, induced, enticed or coerced PD, a minor child, with the intent that such minor child engage in actual sexually explicit conduct for the purpose of producing a visual depiction of such conduct knowing that such depiction would be transported in interstate or foreign commerce, to wit: Defendants paid PD $100 in U.S. currency to masturbate and lasciviously exhibit her genitalia and pubic area within the meaning of Title 18 USC § 2256(2)(C) and (E).  At no time did any representative of GGW ascertain by examination of an identification document the name or date of birth of PC or PD as required by Title 18 USC  § 2257.

80.    A videotape of this sexually explicit conduct involving PD and PC was subsequently produced by Defendants using materials which had been transported interstate including the GGW Production Materials and said videotaped visual depiction was subsequently transported interstate, all in violation of Title 18 USC § 2251(a), and § 2252(a)(1) and (a)(3)(B).

81.    PD has suffered and will continue to suffer mental and physical injuries as a result of those violations of federal law and is therefore entitled to actual damages of a minimum of $50,000, and the cost of this lawsuit, including reasonable attorneys' fees, under Title 18 USC § 2255(a).

21

WHEREFORE, Plaintiff John Doe 2, as parent and natural guardian of PD, demands judgment for actual damages of at least $50,000, plus the cost of this lawsuit, including reasonable attorneys' fees.

## Count XI

### (Action for damages for battery upon PB)

82.     Plaintiff Jane Doe 1, as parent and natural guardian of PB, realleges paragraphs 1 through 81 as if specifically set forth herein.

83.     PB is a 17 year old high school student and resident of Panama City Beach, Florida, whose date of birth is January 28, 1986.

84.     At all times relevant to this complaint a 16 year old high school female student and a resident of Panama City Beach, Florida, was present with the named Plaintiffs.

85.     On March 31, 2003, in unit 320 of the Chateau Motel, Defendant Francis took PB and the other minor girl into a bedroom while PC and PD were being videotaped while engaged in sexual conduct in the shower of that same unit.

86.     Defendant Francis did then and there grab the hands of PB and the other minor girl and force said children, against their will, to touch his exposed genitalia.

87.     Defendant Francis thereafter paid PB and the other minor girl $50 in U.S. currency each to masturbate him.

22

CH1 10566311.1

88.     Plaintiff PB has and will continue to suffer mental and physical harm as a result of the battery of Defendant Francis.

89.     Defendants MRA, Mantra, Aero, Schmitz and Simkin are jointly and severally liable for the battery of PB as said Defendants collectively combined and conspired to lure PB into unit 320 of the Chateau Motel for the purpose of promoting the sexual performances of minors.  Defendant Francis was, at the time and place of the battery, acting within the scope of his employment in the production of the GGW video series.  The battery upon PB and the other minor girl furthered the interests of all said co-conspirators, by assisting in the recruitment of the other minor girl to later expose her breasts to be videotaped for the GGW series.

90.     The injuries suffered by PB as a result of the battery were intentionally, directly and proximately caused by the wanton, willful, malicious, reckless, and intentional tortious conduct of the Defendants.

WHEREFORE, Plaintiff Jane Doe 1, as parent and natural guardian of PB, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

CH1 10566311.1

## Count XII

### (Action for damages for the intentional infliction
### of emotional distress upon PB)

91.     Plaintiff Jane Doe 1, as parent and natural guardian of PB, realleges paragraphs 1 through 90 as if specifically set forth herein.

92.     Defendant Francis' conduct of forcing, coercing and inducing PB and the other minor girl, minor children, to masturbate him goes beyond all possible bounds of decency, is atrocious and utterly intolerable in a civilized community.

93.     PB has and will continue to suffer severe mental and physical harm as a result of Defendants' intentional infliction of emotional distress, and is therefore entitled to compensatory and punitive damages.

94.     The injuries so suffered by PB were intentionally, directly and proximately caused by the wanton, willful, malicious, reckless and intentional tortious conduct of the Defendants.

WHEREFORE, Plaintiff Jane Doe 1, as parent and natural guardian of PB, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

CH1 10566311.1

## Count XIII

### (Action for damages for the coercion of PB into prostitution under § 796.03, § 796.07, and § 796.09 Florida Statutes)

95.     Plaintiff Jane Doe 1, as parent and natural guardian of Plaintiff PB, realleges paragraphs 1 through 94 as if specifically set forth herein.

96.     Defendant Francis individually and as aided and abetted by, and co-conspirator, agent and employee of, MRA, Mantra, Aero, Schmitz and Simkin, did on March 31, 2003, in unit 320 of the Chateau Motel procure, coerce, and induce PB, a minor child, into prostitution through their payment of $50 in U.S. currency to PB to give and receive her body for sexual activity, to wit; the masturbation of Defendant Francis within the meaning of § 796.07 and § 796.09 Florida Statutes.

97.     PB has and will continue to suffer mental and physical injury as a result of the Defendants procuring and coercing her into prostitution and is therefore entitled to compensatory and punitive damages under § 796.03, § 796.07 and § 796.09 Florida Statutes.

WHEREFORE, Plaintiff Jane Doe 1, as parent and natural guardian of PB, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

CH1 10566311.1

## Count XIV

## (Action for damages for the intentional infliction of emotional distress upon PM)

98.    Plaintiff Jane Doe 1, as parent and natural guardian of PM, realleges paragraphs 1 through 97 as if specifically set forth herein.

99.    PM is a 17-year old high school student and resident of Panama City Beach, Florida, whose date of birth is january 28, 1986.

100.    PM was induced and coerced by Defendants Francis, Simkin and Schmitz, individually and as agents or employees of the remaining Defendants, to attend and view the staged sex scene in the shower between PC and PD and was present in the motel room while PB and the other minor girl were masturbating Defendant Francis in an adjoining room.  Defendants Schmitz and Francis, repeatedly requested and pressured PM to participate in the events described herein, inclusive of requests that she flash or reveal her breasts in front of cameras, which PM repeatedly declined to do.

101.    Defendant Francis attempted to physically pull up PM's shirt to reveal her breasts, despite PM's protest that Defendant Francis cease.

102.    The actions of the Defendants described above were predatory and designed to exploit PM, a minor child, solely for the personal enjoyment of Defendant Francis and for the pecuniary gain of all Defendants, and said actions go beyond all

26

possible bounds of decency, are atrocious, and utterly intolerable in a civilized community.

103.    PM has and will continue to suffer severe mental and physical harm as a result of Defendants' intentional infliction of emotional distress, and is, therefore, entitled to compensatory and punitive damages.

104.    The injuries suffered by PM were intentionally, directly, and proximately caused by the wanton, willful, malicious, reckless, and intentional tortious conduct of the Defendants.

WHEREFORE, Plaintiff Jane Doe 1, as parent and natural guardian of PM, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count XV

## (Action for damages for battery upon PM)

105.    Plaintiff, Jane Doe 1, as parent and natural guardian of PM, realleges paragraphs 1 through 104 as if specifically set forth herein.

106.    PM was the victim of an unwanted and offensive touching by Defendant Francis when he physically attempted to pull up PM's shirt in front of others, despite PM"s protest that Defendant Francis cease.

27

107.    Defendant Francis intended to touch PM, actually did touch PM, the touching that was accomplished by Defendant Francis of PM was harmful or offensive to PM, and the contact has directly or indirectly caused injury to PM.

108.    The actions of Defendant Francis described herein were made during the course and scope of his employment with Defendants Mantra and MRA and in his individual capacity.

109.    PM has and will continue to suffer damages as a result of Defendant Francis' intentional and offensive battery of her and the actions of Defendant Francis described herein go beyond all possible bounds of decency, are atrocious, and utterly intolerable in a civilized community.

110.    The injuries suffered by PM as a result of the battery upon her by Defendant Francis were intentional, wanton, willful, malicious, and reckless and, as a result, PM is entitled to compensatory and punitive damages for the same.

WHEREFORE, Plaintiff, Jane Doe 1, as parent and natural guardian of PM, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

CH1 10566311.1

## Count XVI

### (Action for damages based upon child abuse of PJ under §827.071(3) Florida Statutes)

111.    Plaintiff Jane Doe 2, as parent and natural guardian of PJ, realleges paragraphs 1 through 110 as if specifically set forth herein.

112.    PJ, at all times pertinent was a 16 year old high school student and resident of Alabama.  Her date of birth is June 23, 1986.

113.    On or about March 24, 2003, PJ and an 18 year old female friend traveled to Panama City Beach, Florida for a spring break vacation.

114.    On or about March 27, 2003, PJ and her female friend were transported to a house in the area by representatives of GGW in a GGW logo van.

115.    At the house, PJ and her female friend, in the presence of additional representatives of GGW, were given alcoholic beverages which they believe included drugs or additional stimulants by said GGW representatives.

116.    Thereafter, PJ and her female friend were offered GGW clothing by representatives of GGW to engage in sexual conduct with each other in a bedroom of the house, for the purpose of videotaping the sexual performance for the GGW video series.

117.    PJ and her female friend were thereby induced, coerced and directed to engage in sexual conduct including: mutual masturbation, actual physical contact with

29

CH1 10566311.1

PJ's pubic area, buttocks, genitals and breasts as defined by §827.071(1)(g) Florida Statutes.

118.    Unknown representatives of GGW then videotaped said sexual performance with the intent to include it in the GGW video series and market it for the commercial financial gain of Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin.

119.    In promoting and producing this sexual performance of a child, these unknown GGW representatives were acting within their represented capacity of employees or agents of GGW and to further the business interests of Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin.

120.    In so doing, these unknown representatives of GGW, as well as Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, conspired to and did unlawfully promote, produce and direct the sexual performance of PJ, a child less than 18 years of age, while knowing the character and content thereof, in that they produced, directed and promoted a videotape of PJ while said child was engaged in "sexual conduct" as defined by §827.071(1)(g) Florida Statutes.

121.    Their act of promoting the sexual performance of a child, PJ, constituted child abuse under §827.03 and §827.071(3) Florida Statutes.

CHI 10566311.1

122.    This child abuse by the unknown representatives of GGW and named Defendants was intentional and could reasonably have been expected to result in physical and mental injury to the child, PJ.

123.    This conduct did, and will continue to, result in physical and mental injury to the minor child, PJ, which was the direct and proximate result of Defendants' wanton, willful, malicious, reckless and intentional child abuse and PJ is, therefore, entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff Jane Doe 2, as parent and natural guardian of PJ, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count XVII

### (Action for damages based upon child abuse of PJ under §827.071(2) Florida Statutes)

124.    Plaintiff Jane Doe 2, as parent and natural guardian of PJ, realleges paragraphs 1 through 123 as if specifically set forth herein.

125.    Unknown representatives of GGW and the Defendants MRA, Mantra, Aero and Francis did unlawfully, knowing the character and content thereof, employ and induce PJ, a child less than 18 years of age, to engage in a sexual performance as defined in §827.071(2) Florida Statutes.

31

126.    The conduct of the unknown representatives of GGW and named Defendants was intentional and could reasonably have been expected to result in physical and mental injury to the child, PJ.

127.    Said unlawful conduct did, and will continue to, result in physical and mental injury to PJ, and therefore PJ is entitled to compensatory and punitive damages.

WHEREFORE, Plaintiff Jane Doe 2, as parent and natural guardian of PJ, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count XVIII
### (Action for damages for the intentional infliction of emotional distress upon PJ)

128.    Plaintiff Jane Doe 2, as parent and natural guardian of PJ, realleges paragraphs 1 through 127 as if specifically set forth herein.

129.    Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, by and through their employees, agents, aiders and abettors and co-conspirators, on or about March 27, 2003, in a house in Panama City Beach, Florida, did intentionally inflict emotional distress upon PJ by providing alcohol which she believes included drugs or additional stimulants and clothing to her and her 18 year old female friend to induce and coerce them to engage in a sexual performance wherein PJ was subjected to sexual conduct including; mutual masturbation, actual physical contact with her breasts, buttocks and genitals, and sexual battery, all for the purpose of video taping such

32

performance for the commercial financial exploitation of her image in the GGW video series.

130.    Defendants' conduct in producing, promoting and directing such a sexual performance of a child for the commercial exploitation of her image goes beyond all possible bounds of decency, is atrocious and utterly intolerable in a civilized community.

131.    PJ has and will continue to suffer mental and physical harm as a result of Defendants' intentional infliction of emotional distress and is therefore entitled to compensatory and punitive damages.

132.    The injuries so suffered by PJ were intentionally, directly and proximately caused by the wanton, willful, malicious, reckless and intentional tortious conduct of the Defendants and their representatives.

WHEREFORE, Plaintiff Jane Doe 2, as parent and natural guardian of PJ, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

## Count XIX

### (Action for damages for coercion of PJ
### into prostitution under § 796.03 and § 796.09 Florida Statutes)

133.    Plaintiff Jane Doe 2, as parent and natural guardian of PJ, realleges paragraphs 1 through 132 as if specifically set forth herein.

33

134.    Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, through their unknown aiders, abettors, co-conspirators, employees, agents or representatives of GGW did on or about March 27, 2003, in a house in Panama City Beach, Florida, procure, coerce and induce PJ, a minor child, into prostitution through the payment of alcohol which she believes included drugs or additional stimulants and clothing to PJ to give and receive her body for sexual activity, including to wit:  the fondling of her genitalia by another for the purpose of masturbation, the fondling of another's genitalia for the purpose of masturbation, and vaginal penetration by an object within the meaning of § 796.07 Florida Statutes.

135.    PJ has and will continue to suffer mental and physical injury as a result of Defendant procuring and coercing her into prostitution and is therefore entitled to compensation and punitive damages under § 796.03, § 796.07 and § 796.09 Florida Statutes.

WHEREFORE, Plaintiff Jane Doe 2, as parent and natural guardian of PJ, demands judgment for compensatory and punitive damages and further relief as this Court deems just and proper.

CH1 10566311.1

## Count XX

### (Action for damages for the sexual exploitation of PJ under Title 18 USC § 2251)

136.    Plaintiff Jane Doe 2, as parent and natural guardian of PJ, realleges paragraphs 1 through 135 as if specifically set forth herein.

137.    Unknown representatives of GGW individually and as aiders, abettors, co-conspirators, agents and employees of Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 27, 2003, in a house in Panama City Beach, Florida, employed, used, persuaded, induced, enticed or coerced PJ, a minor child, with the intent that such minor child engage in actual sexual explicit conduct for the purpose of producing a visual depiction of such conduct knowing such depiction would be transported in interstate or foreign commerce, to wit:  Defendants by and through representatives of GGW did give PJ alcohol which she believes included drugs or additional stimulants and clothing to masturbate and lasciviously exhibit her genitals and pubic area within the meaning of Title 18 USC § 2256(2)(C) and (E).  At no time did any representative of GGW ascertain by examination of an identification document the name or date of birth of PJ as required by Title 18 USC § 2257.

138.    A videotape of this sexually explicit conduct involving PJ and her female friend was produced by Defendants' unknown representatives using materials which had been transported interstate including the GGW Production Materials and said videotaped

35

visual depiction was subsequently transported interstate for use in the GGW video series,

all in violation of Title 18 USC § 2251(a), and § 2252(a)(1) and (a)(3)(B).

139.    PJ has suffered and will continue to suffer mental and physical injuries as

a result of those violations of federal law and is therefore entitled to actual damages of a

minimum of $50,000 and the cost of the suit, including reasonable attorney's fees, under

Title 18 USC § 2255(a).

WHEREFORE, Plaintiff Jane Doe 2, as parent and natural guardian of PJ,

demands judgment for actual damages of at least $50,000, plus the cost of this lawsuit,

including reasonable attorneys' fees.

### Count XXI

### (Action for damages for the intentional infliction of emotional distress upon PS)

140.    Plaintiff Jane Doe 3, as parent and natural guardian of PS, realleges

paragraphs 1 through 139 as if specifically set forth herein.

141.    PS at all times pertinent was a 15 year old high school student and resident

of Alabama.  Her date of birth is July 10, 1987.

142.    On March 26, 2003, Plaintiff Jane Doe 3, PS, along with PS's 18 year old

female friend, traveled to Panama City Beach, Florida for a vacation.

143.    On or about March 29, 2003, Defendants MRA, Mantra, Aero, Francis,

Schmitz and Simkin, by and through unknown representatives of GGW, acting as

36

Defendants' aiders, abettors, co-conspirators, agents and employees, solicited PS to expose her breasts in public to be videotaped in exchange for a GGW tee shirt.

144.    The unknown representatives of GGW were then told by PS and her mother that PS was 15 years old and PS refused their request.

145.    In spite of their knowledge that PS was a 15 year old child, and of her initial refusals, the GGW representatives later cajoled, harassed, intimidated and persuaded PS while alone to, in fact, expose her breasts in a public place and to be videotaped for the commercial financial world wide exploitation of her image by Defendants. Defendants' conduct of cajoling, harassing, intimidating and persuading PS, a 15 year old child, to expose her breasts in a public place for the purpose of videotaping and commercial exploitation of her image goes beyond all bounds of decency, is atrocious and utterly intolerable in a civilized community.

146.    PS has and will continue to suffer severe mental and physical harm as a result of Defendants' intentional infliction of emotional distress and is therefore entitled to compensatory and punitive damages.

147.    The injuries suffered by PS were intentionally, directly and proximately caused by the wanton, willful, malicious, reckless and intentional tortious conduct of the Defendants.

CH1 10566311.1

WHEREFORE, Plaintiff Jane Doe 3, as parent and natural guardian of PS, demands judgment for compensatory and punitive damages, costs and further relief as this Court deems just and proper.

### Count XXII

### (Federal RICO action for damages and injunctive relief under Title 18 USC § 1962 and § 1964)

148.    Plaintiffs reallege paragraphs 1 through 147 as if specifically set forth herein.

149.    Venue is proper under Title 18 USC § 1965(a) as Defendants transact their business in this district.

150.    Defendants Francis, Schmitz and Simkin, individually and as co-conspirators with each other, being employed by and associated with an enterprise engaged in interstate commerce, did conduct and participate directly and indirectly, in the conduct of said enterprise's affairs through a pattern of racketeering activity in violation of Title 18 USC § 1962(c) and (d).

151.    Defendants Francis, Schmitz, and Simkin did participate in the conduct of Mantra's affairs through a pattern of racketeering activity including the following incidents:

   a.    Defendants Francis, Schmitz, and Simkin on or about April 2, 2003, in Panama City Beach, Florida did unlawfully and knowingly have in their custody or control with intent to sell videotapes of PC and PD which Defendants

38

had promoted, produced, and manufactured as referred to in Counts I through X of this complaint in violation of §§ 777.011 and 847.011(1)(a) Florida Statutes.

     b.    Defendants Francis, Schmitz, and Simkin on or about April 2, 2003 in Panama City Beach, Florida did unlawfully and knowingly have in their custody or control with intent to sell videotapes of PJ which Defendants had promoted, produced, and manufactured as referred to in Counts XVI through XIX of this complaint in violation of §§ 777.011 and 847.011(1)(a) Florida Statutes.

     c.    Defendants Francis, Schmitz and Simkin did, on March 31, 2003 in Unit 320 of the Chateau Motel, promote and produce a videotape of a minor child, PC, engaged in sexually explicit conduct as fully alleged in Count V of this complaint and in violation of Title 18 USC § 2251 and § 2252.

     d.    Defendants Francis, Schmitz and Simkin did, on March 31, 2003 in Unit 320 of the Chateau Motel, promote and produce a videotape of a minor child, PD, engaged in sexually explicit conduct as fully alleged in Count X of this complaint and in violation of Title 18 USC § 2251 and § 2252.

     e.    Defendants Francis, Schmitz and Simkin did, on or about March 27, 2003 in a house in Panama City Beach, Florida, promote and produce a videotape of a minor child, PJ, engaged in sexually explicit conduct as fully alleged in Count XX of this complaint and in violation of Title 18 USC § 2251 and § 2252.

     f.    Defendants failed to comply with the record keeping and identification requirements of Title 18 USC § 2257 with regard to the production of the above-referenced videotapes of PC, PD and PJ which contained actual sexually explicit conduct.

152.    The incidents of racketeering activity alleged are part of a pattern of racketeering criminal activity and are connected together by a common scheme, common participants and co-conspirators, and a common motive as alleged in Counts I through XXI of this complaint. Defendants are a criminal enterprise which has engaged in the racketeering activities alleged herein, as well as other yet unknown similar activities, as a

39

CH1 10566311.1

matter of routine business practice over an extended period through the actions, assets and assistance of the Defendants and has preyed upon and victimized many children including the Plaintiffs here.

153.    The pattern of racketeering activity alleged herein indicates an ongoing criminal enterprise of sufficient scope to pose a special threat to the social well being of the public.

154.    Defendants' pattern of racketeering activity has directly and proximately resulted in physical and mental injury to PC, PD, PB, PM, PJ and PS, which entitles them to the recovery of damages under Title 18 USC § 1964(c).

155.    PB has and will continue to suffer physical and mental harm as a result of the alleged violation of Title 18 USC § 1962, in that it was the name, celebrity reputation of the GGW video series, employees and Production Materials of the criminal enterprise which were used to lure PB into Unit 320 of the Chateau Motel where she was sexually assaulted by Francis.  PB is therefore entitled to the recovery of damages under Title 18 USC § 1964(c).

156.    PS has and will continue to suffer physical and mental harm as a result of the alleged violation of Title 18 USC § 1962, in that it was the name, celebrity reputation of the GGW video series, employees and Production Materials of the criminal enterprise which lured 15 year old PS into publicly exposing her breasts so that the video image of same could be exploited for the commercial financial gain of the racketeering enterprise

40

and its aiders, abettors, employees, agents, and co-conspirators.  PS is therefore entitled to

the recovery of damages under Title 18 USC § 1964(c).

157.   Plaintiffs further pray this Court to prevent and restrain further violations

of Title 18 USC § 1962 by these Defendants through the issuance of appropriate orders

under Title 18 USC § 1964(a) including:

a.     Ordering that Francis divest himself of any interest, direct or
indirect, in the Defendants MRA, Mantra and Aero.

b.     Ordering that Defendants MRA, Mantra, Aero, Francis, Schmitz,
and Simkin be prohibited from engaging or investing in any future activities
involving the commercial exploitation of female images for commercial financial
gain, including the GGW series.

c.     Ordering that MRA, Mantra, and Aero be dissolved.

d.     Ordering the Defendants to surrender to this Court any and all
videotapes, DVD's, film, photographs or other visual or audio depictions of
children, including Plaintiffs' children, which are in the Defendants' custody or
control, along with the identities of any third parties to whom such visual or audio
depictions have been conveyed.

WHEREFORE, Plaintiffs individually demand damages in the amount of

threefold the damages sustained by each of them plus the cost of this lawsuit including

reasonable attorneys' fees, injunctive relief as described in paragraph 157 above, and

other relief which this Court deems just and proper.

41

CH1 10566311.1

## Count XXIII

### (Action for damages and injunctive relief
### under Chapter 772 Florida Statutes)

158.   All Plaintiffs reallege paragraphs 1 through 157 as if specifically set forth

herein.

159.   Defendants MRA, Aero, Francis, Schmitz, and Simkin were employed by,

associated with, and conspired with each other and the enterprise Mantra, to engage in a

pattern of criminal activities that have the same or similar intents, results, accomplices,

victims and methods of commission, and are not isolated incidents.

160.   The criminal activity engaged in by the said Defendants individually and

as aiders, abettors and co-conspirators of each other and the enterprise Mantra, was as

described in paragraphs 1 through 156 herein and summarized in part as follows:

   a.   Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on
or about March 31, 2003, in Panama City Beach, Florida, did unlawfully promote
a sexual performance by PC, a child less than 18 years of age, while knowing the
character and content thereof in that they produced, directed or promoted a motion
picture, photograph, or other video recording of said child while the child was
engaged in "sexual conduct" as defined in § 827.071(1)(g), Florida Statutes, or
did aid and abet in same, in violation of §§ 777.011 and 827.071(3) Florida
Statutes.

   b.   Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on
or about March 31, 2003, in Panama City Beach, Florida, did unlawfully conspire,
combine, or confederate with each other and other persons unknown to promote a
sexual performance by PC, a child less than 18 years of age, while knowing the
character and content thereof in that they produced, directed or promoted a motion
picture, photograph, or other video recording of said child while the child was
engaged in "sexual conduct" as defined in § 827.071(1)(g), Florida Statutes, or

42

did aid and abet in same, in violation of §§ 777.04, 777.011 and 827.071(3) Florida Statutes.

      c.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully promote a sexual performance by PD, a child less than 18 years of age, while knowing the character and content thereof in that they produced, directed or promoted a motion picture, photograph, or other video recording of said child while the child was engaged in "sexual conduct" as defined in § 827.071(1)(g), Florida Statutes, or did aid and abet in same, in violation of §§ 777.011 and 827.071(3) Florida Statutes.

      d.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully conspire, combine, or confederate with each other and other persons unknown to promote a sexual performance by PD, a child less than 18 years of age, while knowing the character and content thereof in that they produced, directed or promoted a motion picture, photograph, or other video recording of said child while the child was engaged in "sexual conduct" as defined in § 827.071(1)(g) Florida Statutes, or did aid and abet in same, in violation of §§ 777.04, 777.011 and 827.071(3) Florida Statutes.

      e.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully, knowing the character and content thereof, employ, authorize, or induce PC, a child less than 18 years of age to engage in a sexual performance, in violation of §§ 777.011 and 827.071(2) Florida Statutes.

      f.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully conspire, combine, or confederate with each other and other persons unknown, knowing the character and content thereof, to employ, authorize, or induce PC, a child less than 18 years of age to engage in a sexual performance, in violation of §§ 777.04, 777.011 and 827.071(2) Florida Statutes.

      g.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully, knowing the character and content thereof, employ, authorize, or induce PD, a

43

child less than 18 years of age to engage in a sexual performance, in violation of §§ 777.011 and 827.071(2) Florida Statutes.

h.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully conspire, combine, or confederate with each other and other persons unknown, knowing the character and content thereof, to employ, authorize, or induce PD, a child less than 18 years of age to engage in a sexual performance, in violation of §§ 777.04, 777.011 and 827.071(2) Florida Statutes.

i.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, were unlawfully and knowingly in possession of photographs, motion pictures, exhibitions, representations or other presentations, which, in whole or part, includes any sexual conduct by a child with the intent to distribute, procure, give, lend, provide, transfer, publish, circulate, exhibit or present them, or to offer or agree to do the same, or did aid and abet in same, in violation of §§ 777.011 and 827.071(4) Florida Statutes.

j.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully procure for prostitution, or cause to be prostituted, PC, a person under the age of 18 years, or did aid and abet in same, in violation of §§ 777.011 and 796.03 Florida Statutes.

k.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully conspire, combine, or confederate with each other and other persons unknown, to procure for prostitution, or cause to be prostituted, PC, a person under the age of 18 years, or did aid and abet in same, in violation of §§ 777.04, 777.011 and 796.03 Florida Statutes.

l.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully procure for prostitution, or cause to be prostituted, PD, a person under the age of 18 years, or did aid and abet in same, in violation of §§ 777.011 and 796.03 Florida Statutes.

m.     Defendants MRA, Mantra, Aero, Francis, Schmitz and Simkin, on or about March 31, 2003, in Panama City Beach, Florida, did unlawfully conspire,

44

combine, or confederate with each other and other persons unknown to procure for prostitution, or cause to be prostituted, PD, a person under the age of 18 years, or did aid and abet in same, in violation of §§ 777.04, 777.011 and 796.03 Florida Statutes.

161.    The incidents of criminal activity alleged are part of a "pattern of criminal activity" and are connected together by a common intent, common participants, co-conspirators, accomplices, victims and methods of commission, as alleged in Counts I through XXII of this complaint.  The Defendants are a criminal enterprise which has engaged in the pattern of criminal activities alleged herein, as well as other yet unknown similar activities, as a matter of routine business practice over an extended period through the actions, assets and assistance of the Defendants and has preyed upon and victimized many children including the Plaintiffs here.

162.    The pattern of criminal activity alleged herein indicates an ongoing criminal enterprise of sufficient scope to pose a special threat to the social well being of the public.

163.    Defendants' pattern of criminal activity has directly and proximately resulted in physical and mental injury to PC, PD, PJ, PB, PM, and PS, which entitles them to the recovery of damages under Title 18 USC § 1964(c).

164.    PB has and will also continue to suffer physical and mental harm as a result of the alleged violation of Chapter 772 Florida Statutes in that it was the name, celebrity reputation of the GGW video series, employees and Production Materials of the

Defendants' criminal enterprise, which were used to lure PB into Unit 320 of the Chateau

Motel where she was sexually assaulted by Defendant Francis. PB is therefore entitled to

the recovery of damages under Chapter 772 Florida Statutes.

165.    PS has and will continue to suffer physical and mental harm as a result of

the alleged violation of Chapter 772 Florida Statutes in that it was the name, celebrity

reputation of the GGW video series, employees and Production Materials of the

Defendants' criminal enterprise, which lured 15 year old PS into publicly exposing her

breasts so that the video image of same could be exploited for the commercial financial

gain of all of the Defendants. PS is therefore entitled to the recovery of damages under

Chapter 772 Florida Statutes.

166.    Plaintiffs further pray this Court to prevent and restrain further violations

of Chapter 772 Florida Statutes by these Defendants through the issuance of appropriate

orders including:

a.    Ordering the revocation of any license to do business in the state of
Florida currently held by any Defendant.

b.    Enjoining Defendants from engaging in the future in any business
in the state of Florida related to the production or sale of images of women,
including the GGW series.

c.    Enjoining Defendants from advertising or selling any videos,
photographs or other merchandise related to the GGW video series in the state of
Florida.

d.    Order the Defendants to surrender to this Court any and all
videotapes, DVD's, film, photographs or other visual or audio depictions of

CH1 10566311.1

children, including Plaintiffs' children, which are in the Defendants' custody or control, along with the identities of any third parties to whom such visual or audio depictions have been conveyed.

167.    PC, PD, PB, PM, PJ and PS have and will continue to be physically and mentally injured by reason of Defendants' violation of § 772.103 Florida Statutes and are therefore entitled to damages, reasonable attorneys' fees, and Court costs under § 772.104 Florida Statutes.

WHEREFORE, Plaintiffs individually demand damages in the amount of threefold the damages sustained by each plus the cost of this suit including reasonable attorneys' fees, injunctive relief as described in paragraph 166 above, and other relief which this Court deems just and proper.

## Count XXIV

### (Action for temporary and permanent injunctive relief)

168.    All Plaintiffs reallege paragraphs 1 through 167 as if specifically set forth herein.

169.    This is an action for temporary and permanent injunctive relief filed pursuant to Rule 65 of the Federal Rules of Civil Procedure, and for such further equitable relief as may appear proper under the circumstances.

170.    By reason of Defendants' tortious and intentional conduct outlined above, all Plaintiffs have and will continue to suffer irreparable injury, for which there is no adequate remedy at law. This injury is imminent and ongoing, in that Defendants are

47

believed to be in possession of videotapes, photographs, computerized images, and other

potential imaging sources regarding one or more of the Plaintiffs, and are using, or have

the opportunity to use, such information in the ongoing enterprise of the GGW video

series.

171.    All Plaintiffs whose children have been the subject of any videotape or

photographic event as described above have an interest in ensuring that such image

reproductions, in whatever form, do not reach the public, are not used to further the

business interests of the Defendants, and are destroyed at the conclusion of this litigation.

172.    Defendants have exhibited a disregard of the Plaintiffs' rights by

advertising to the general public on the GGW internet website that the "seized tapes" are

available for purchase by the public. The "seized tapes" refers to videotapes taken during

the Spring of 2003 in Panama City Beach by the GGW enterprise as described above,

which were the subject of a civil forfeiture action subsequent to the filing of criminal

charges against Defendants Francis, MRA, Mantra, Aero and Schmitz in the Circuit

Court of Bay County, Florida as Case Nos. 03-1036, 03-1037 and 03-1047H.  This

blatant disregard for the privacy rights of the Plaintiffs' children here shows intent by the

Defendants to continue to exploit the Plaintiffs' children's visual images solely for the

personal financial gain of the Defendants.

173.    Plaintiffs would further show that a complaint registered by another

female who was featured in a GGW episode has been recently featured in the GGW

48

website after her appearance on a national television show complaining of the treatment
she received by the Defendants.  This is evidence of Defendant's retaliatory response to
the assertion of rights by a subject of the GGW series.

174.    Plaintiffs whose children have been videotaped or who are the subject of
any visual imaging in any form within the possession and control of the Defendants have
no adequate remedy at law and will suffer irreparable harm if these images are not
retrieved and the injunction sought here is not granted.  Plaintiffs have a substantial
likelihood of success on the merits and the injunctive relief requested will not be contrary
to the public health, safety and welfare.

175.    Plaintiffs believe that to fully protect their minor children that the
Defendants be ordered to surrender to this Court all such visual imaging, in their custody
or control, including all originals, copies or replications of any such imaging, in any
form, and specifically including all such imaging specified above.

176.    Plaintiffs believe that to fully protect their minor children that following
an evidentiary hearing, a preliminary injunction must be entered, ordering and enjoining
the Defendants, and those persons in active concert or participation with them, from
engaging in the conduct set forth above and such other relief that this Court may deem
appropriate.

177.    Plaintiffs believe that to fully protect their minor children that following a
trial on the merits this Court should enter a permanent injunction enjoining the

49

Defendants from the above-described acts and for the entry of a mandatory injunction requiring the destruction of the images as described above.

WHEREFORE, Plaintiffs whose children are depicted in any visual imaging produced by or at the instance of any of the Defendants pray for the entry of both a temporary and permanent injunction ordering the Defendants, and those persons in active concert or participation with them, to desist and refrain from, either directly or indirectly through others, using, replicating, reproducing, disseminating, or disclosing the visual images of the Plaintiffs, including the identity of the Plaintiffs, and for a permanent injunction requiring the destruction or surrender to the Court of the visual imaging to ensure that the identification and images of the Plaintiffs are not disseminated to third parties, and further for the mandatory disclosure of the identity of all third parties to whom any visual imaging or identification in whatever form, may have been transferred, and for such additional relief, in law or equity, as may be just.

Plaintiffs further request a trial by jury on all issues so triable.

Dated this ___8th___ day of October, 2003.

D. Ross McCloy, Jr.
Harrison, Sale, McCloy & Thompson, Chtd.
Florida Bar No. 0262943
Post Office Drawer 1579
Panama City, FL 32402
(850) 769-3434
Fax:  (850) 769-6121

50

CH1 10566311.1

and

Thomas G. Dent
Illinois Bar No. 0617164
Scott A. Carlson
Illinois Bar No. 6228975
Seyfarth Shaw, LLP
55 East Monroe Street, Suite 4200
Chicago, IL 60603
(312) 346-8000
Fax: (312) 269-8869

ATTORNEYS FOR PLAINTIFFS

51

United States Treasury Symbol 4617

Wed Oct 8 09:15:03 2003

UNITED STATES DISTRICT COURT

TALLAHASSEE , FL

Receipt No.   400 102773
Cashier       davidt

Check Number:  44970

D# Code     Div No
4617        4

Sub Acct Type Tender    Amount
1:510000  N    2       90.00
2:086900  N    2       60.00

Total Amount      $    150.00

CIVIL FILING FEE 5:03CV260LAC PLAINTIFFS

HARRISON,SALE,MCCLOY,THOMPSON,CHARTERED
ATTY PANAMA CITY FL 32402

Wed Oct 8 09:15:03 2003

Check No. 44970
Cashier   150.00
Cash any federal reserve bank or
branch for credit to