**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

JOHN DOE 1, et al.,

    Plaintiffs,

v.                                    Case No. 5:03cv260/MCR/WCS

JOSEPH R. FRANCIS, et al.,

    Defendants.

_____/

**O R D E R**

    This matter comes before the Court upon Plaintiffs JOHN DOE 1, PLAINTIFF C, JOHN DOE 2, PLAINTIFF D, JANE DOE 1, PLAINTIFF B, PLAINTIFF M, JANE DOE 2, PLAINTIFF J, JANE DOE 3, PLAINTIFF S AND PLAINTIFF L'S Motion to Reconsider Plaintiffs' Motion to Lift Stay and For Status Conference (doc. 92).  By order entered on February 10, 2005, Plaintiffs' Motion to Lift Stay and For Status Conference and Amended Motion to Lift Stay and For Status Conference were denied.  In those motions, Plaintiffs sought to have this Court lift the stay entered on February 4, 2004, (doc. 43) so that discovery may proceed in this action,[1] claiming that staying this case until the conclusion of the state criminal trial will place an onerous burden on them, as there is potential for disappearance of witnesses and failure of witnesses to recall precise facts relating to the underlying events.  Plaintiffs further claimed in their amended motion for stay that Plaintiff J has been in a state of depression since the events of spring 2003 that are the basis for this case, that she has been prescribed psychiatric medications and has had a constant problem with the notoriety surrounding the incident.  Plaintiff J attempted to harm herself by

---

    [1] As of this date, there is a parallel criminal action pending before the Circuit Court of the Fourteenth Judicial Circuit of Florida in Bay County, Florida arising from the same facts and involving the same Defendants and several of the same Plaintiffs as the instant action.  See State v. MRA Holding, LLC, No. 03-1036H.

repeatedly cutting her wrists, to the point that she significantly injured herself and was treated in the emergency room at a local hospital.  (See doc. 83).  Plaintiffs alleged that there were similar emotional circumstances ongoing with several of the other Plaintiffs stemming from the underlying events and sought to have the stay lifted so that this matter may proceed toward mediation or trial.

In their response to the amended motion to stay (doc. 85), Defendants[2] maintained that the stay is mandated by statute.[3]  Defendants argued that proceeding with the instant case would prevent the use of evidence now held as contraband in the state criminal action, and would create numerous discovery and evidentiary issues.  Defendants further argued that the issues in the state criminal action and the instant case overlap such that resolution of the criminal case may lead to a speedy settlement in this civil action.  Moreover, Defendants claimed that they will assert their Fifth Amendment privilege in response to discovery in this matter.

After review and upon finding that Plaintiffs offered no legal authority or evidence to support their argument that the stay should be lifted, the Court denied both motions for stay, finding that the stay in this case must remain in effect until final adjudication of the criminal case by the state court.  The Court did, however, advise Plaintiffs that they could file a motion for reconsideration at a later date should they find legal authority to support their argument that the stay should be

---

[2] The Court noted that the response to Plaintiffs' motion to lift the stay was filed by Defendants JOSEPH R. FRANCIS, MRA HOLDING, LLC, MANTRA FILMS, INC., and AERO FALCONS, LLC (the "Mantra Defendants"). Defendants MARK D. SCHMITZ and RYAN DAVID SIMKIN are each represented by separate counsel and neither joined in the Mantra Defendants response nor filed a response on their own behalf to Plaintiffs' motions to stay.  The Court notes that the response to the instant motion for reconsideration is filed on behalf of the Mantra defendants only.

[3] Specifically, 18 U.S.C. § 3509(k) provides that:

If, at any time that a cause of action for recovery of compensation for damage or injury to the person of a child exists, a criminal action is pending which arises out of the same occurrence and in which the child is the victim, the civil action shall be stayed until the end of all phases of the criminal action and any mention of the civil action during the criminal proceeding is prohibited.  As used in this subsection, a criminal action is pending until its final adjudication in the trial court.

lifted.  It is upon this basis that Plaintiffs have filed the instant motion for reconsideration.

In their motion, Plaintiffs again seek to have the stay lifted and discovery proceed in this civil action.  Plaintiffs advise the Court that they have found no case law addressing the lifting of a stay imposed pursuant to § 3509(k); instead they argue that "the context in which that subsection is found coupled with changed circumstances of the [P]laintiffs justifies this Court's reversal of its order."  Specifically, Plaintiffs argue that: (1) only three of the seven Plaintiffs in this civil action are victims in the criminal case; (2) those three victims are now over 18 years of age; (3) these three victims are requesting that the stay be lifted; (4) the state criminal case has "languished for almost two years with no end in sight;" and (5) the delay in the instant case has caused all Plaintiffs in both the state criminal case and this civil action to be prejudiced and to suffer continuing mental harm.

Plaintiffs' instant motion presents no new legal arguments from those presented in the previously filed motions to lift the stay in this case.  As Plaintiffs admit in their memorandum, they have found no case law discussing the lifting of a stay entered pursuant to § 3509(k) and the Court's own research has not found any authority to support such action.  Moreover, Plaintiffs have not offered any authority to support their position that the stay should be lifted due to the fact that the minor Plaintiffs have now reached the age of majority during the pendency of the state criminal case.  See 18 U.S.C. § 3509(a)(2).  Section 3509(k) does not provide, nor have Plaintiffs presented, any legal basis that would authorize much less require a stay to be lifted in a case such as this where the victims were minors at the time of the events giving rise to the criminal charges and reached the age of 18 while both the criminal case and a parallel civil action based on the same events were pending.  Instead, Plaintiffs argue that the general standard for a stay of discovery of civil proceedings is now applicable and that the facts of this case do not support the continuation of the stay.

Upon review, the Court finds this argument unavailing.  Plaintiffs argue that § 3509(k) no longer applies in this case.  They claim that, because there "is no similar statutory stay provision for adult victims/witnesses involved in overlapping criminal and civil cases, this Court should apply the balancing test universally applied by the courts to these types of concurrent cases." (Doc. 92, p. 7).  However, Plaintiffs provide no basis for the Court to apply such a test over that prescribed by § 3509(k) which has already been deemed applicable here given the victims' minor status at the time of the events giving rise to the underlying claims.  See 18 U.S.C. § 3509(k).  Moreover, their claim that  the state criminal case has "languished for almost two years with no end in sight," is a matter to be addressed in state court.  As Plaintiffs aptly point out, this Court has no control over the state criminal proceedings and thus cannot provide relief in this civil action by lifting the stay simply because the state matter is not progressing as fast as they would hope.

Plaintiffs' next argument posits that, because four of the seven victims in the instant case are not victims in the criminal case, discovery should proceed as to their claims.  Plaintiffs further allege that "the criminal case contains *some* allegations in common with *some* of the [P]laintiffs' claims here, but the two cases have more differences than similarities." (Doc. 92, p. 10).  However, they fail to expound upon this argument and do not explain what differences they refer to.  This claim, without more, does not provide a sufficient basis upon which the Court could lift a statutorily mandated stay.

Finally, as to Plaintiffs argument that they are suffering ongoing and increasing mental harm due to "the frustrating delay in both the criminal case and this case," the Court, while cognizant of Plaintiffs' claimed distress, again finds this to be an insufficient ground for lifting the stay.  As Defendants argue in their response to the instant motion, Plaintiffs have presented no evidence to demonstrate that proceeding with discovery will alleviate their suffering.  Rather, Plaintiffs' argument centers upon the premise that Defendants' prior alleged conduct has caused long term deleterious effects upon them.  While ultimate resolution of

this case may aid in reducing Plaintiffs' distress, the Court cannot overlook the plain language of § 3509(k).  Again, that statute requires a stay in a case such as this where there is a parallel criminal action pending which arises from the same occurrence involving minor victims.  <u>See</u> 18 U.S.C. § 3509(k).  Because the Court has no evidence before it to demonstrate that the state criminal case and the instant civil case arise from different circumstances and because the victims were minors at the time of the Defendants' actions alleged in both cases, § 3509(k) applies and requires that the stay  in this case remain in effect until final adjudication of the criminal case by the state court.

Accordingly, it is hereby ordered that Plaintiffs' Motion to Reconsider (doc. 92) is DENIED.

ORDERED on this 20th day of April, 2005.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**United States District Judge**