IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**JOHN DOE 1, as parent and natural guardian
of PLAINTIFF C, his minor child; JOHN DOE 2,
as parent and natural guardian of PLAINTIFF D,
his minor child; JANE DOE 1, as parent and natural
guardian of PLAINTIFF B and PLAINTIFF M, her
minor children; JANE DOE 2, as parent and natural
guardian of PLAINTIFF J, her minor child;
JANE DOE 3, as parent and natural guardian of
PLAINTIFF S, her minor child; and PLAINTIFF L,**

      Plaintiffs,

vs.                                                                                       CASE NO. 5:03CV260/RS

**JOSEPH R. FRANCIS; MRA HOLDING LLC,
a California limited liability company; MANTRA
FILMS, INC., an Oklahoma corporation
(d/b/a "Girls Gone Wild"); AERO FALCONS, LLC,
a Delaware limited liability company; MARK D.
SCHMITZ; and RYAN DAVID SIMKIN,**

      **Defendants.**
_____/

**ORDER ON MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
THE AMENDED COMPLAINT OR FOR MORE DEFINITE STATEMENT OF
DEFENDANTS JOSEPH R. FRANCIS, MRA HOLDING LLC, MANTRA FILMS, INC.,
AND AERO FALCONS, LLC**

      Before the Court is the Memorandum in Support of Motion to Dismiss the Amended Complaint or for More Definite Statement of Defendants Joseph R. Francis, MRA Holding LLC, Mantra Films, Inc., and Aero Falcons, LLC (Doc. 176.). The Memorandum is denied because it fails to comply with Federal Rule of Civil Procedure 7(b)(1), 28 U.S.C. § 1654, and Florida law.

      Fed. R. Civ. P. 7(b)(1) states that "[a]n application to the court for an order shall be by <u>motion</u> . . ." Defendant Francis filed a document entitled, in relevant part, "Memorandum In Support of Motion to Dismiss" (Doc. 176.) The memorandum was unaccompanied by the motion that is required by Rule 7(b)(1). Failure to file the motion

that is required by Rule 7(b)(1) is grounds for denying a party's request.  See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (upholding trial court's denial of the plaintiff's request for leave to amend a complaint because the request was made by memorandum rather than by motion as required by Fed. R. Civ. P. 7(b)(1)).  Because the federal and local rules clearly distinguish memoranda from motions, see Fed. R. Civ. P. 7(b) (requiring that "[a]n application to the court for an order shall be by motion") and Local Rule 7.1(A) (requiring the moving party to "serve and file with every motion in a civil or criminal proceeding a memorandum"), the Court is unable to assess the merits of the Memorandum when such fundamental noncompliance with the rules is apparent.  In addition, because the "Memorandum In Support of Motion to Dismiss" implies that such a motion exists but has not been filed with the Court, the Court hesitates to prematurely assess the merits of the Memorandum when it has been provided with an incomplete set of documents.

In addition to Defendant Francis's failure to comply with Fed. R. Civ. P. 7(b)(1), Defendant Francis has also failed to comply with 28 U.S.C. § 1654.  Section 1654, which governs appearances in federal court, states that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  Courts, including the Eleventh Circuit, have consistently interpreted § 1654 to apply only to individuals and have required that corporations and other artificial business entities be represented by licensed counsel.  "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."  Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) (discussing cases and authority in support of the rule prohibiting representation of business entities by pro se, non-attorney litigants); see also Richter v. Higdon Homes, Inc., 544 So. 2d 300, 300 (Fla. 1st DCA 1989); Szteinbaum v. Kaes inversiones Valores, C.A., 476 So. 2d 247, 248 (Fla. 3rd DCA 1985).  Here, the Memorandum requests dismissal of all counts contained in the Amended Complaint.  However, the Amended Complaint contains allegations against not only the individual Defendants but also against Defendants MRA Holding LLC, Mantra Films, Inc., and Aero Falcons, LLC.  Defendant Francis filed the Memorandum on behalf of himself and

on behalf of Defendant business entities.  Defendant Francis has thus attempted to represent Defendant business entities in this action.  Defendant Francis, however, has not provided evidence that he is an attorney.  No counsel of record for Defendant business entities is currently on file with this Court.  Accordingly, any motion or memorandum filed by Defendant Francis on behalf of Defendant business entities is prohibited.

## CONCLUSION

1.  The Memorandum in Support of Motion to Dismiss the Amended Complaint or for More Definite Statement of Defendants Joseph R. Francis, MRA Holding LLC, Mantra Films, Inc., and Aero Falcons, LLC (Doc. 176) is **denied**.

2.  Defendant Francis shall take no further action in these proceedings to represent Defendant business entities.

**ORDERED** on July 13, 2006.

                                              **/s/ Richard Smoak**
                                              **RICHARD SMOAK**
                                              **UNITED STATES DISTRICT JUDGE**