IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| JOHN DOE 1, as parent and natural guardian of PLAINTIFF C, his minor child; JOHN DOE 2, as parent and natural guardian of PLAINTIFF D, his minor child; JANE DOE 1 as parent and natural guardian of PLAINTIFF B and PLAINTIFF M, her minor children; JANE DOE 2, as parent and natural guardian of PLAINTIFF J, her minor child; JANE DOE 3, as parent and natural guardian of PLAINTIFF S, her minor child; and PLAINTIFF L,<br><br>            Plaintiffs,<br><br>vs<br><br>JOSEPH R. FRANCIS; MRA HOLDING LLC, a California limited liability company; MANTRA FILMS, INC., an Oklahoma corporation (d/b/a "Girls Gone Wild"); AERO FALCONS, LLC, a Delaware limited liability company; MARK D. SCHMITZ; and RYAN DAVID SIMKIN,<br><br>            Defendants. | Case No.: 5:03cv260-RS-WCS |

## MOTION FOR SANCTIONS, FOR TEMPORARY RESTRAINING ORDER, AND TO COMPEL

Plaintiffs move this Court to enter an order awarding sanctions against Joseph Francis, a temporary injunction against Francis, ordering Francis to produce documents. In support, Plaintiffs state:

1. This Court ordered Plaintiffs and Defendants to mediate this matter. Plaintiffs and Defendants agreed to mediate on March 21 and 22, 2007, in Panama City, Florida. The mediation was set to begin at 10 AM.

DMI\1080462.3

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PANAMA CITY, FLA.

2007 MAR 23 AM 8: 52

KMK

FILED

2. Due to the sensitive nature of this matter and to facilitate mediation, plaintiffs' counsel proposed that there be no initial joint session. Instead, Plaintiffs' counsel should make their presentation to Francis, and Defense counsel should make their presentation to the girls. Defense counsel agreed and the mediator agreed.

3. Plaintiffs and many of their parents took days off of work and school to travel to the mediation. Plaintiffs, their parents, and their counsel came to Panama City from southern Florida, Texas, Alabama, Illinois, Virginia. Plaintiffs and their counsel showed up, on time, prepared, in good faith, to make a concerted effort to mediate this case.

4. Plaintiffs expected attorney Aaron Dyer, in house counsel Michael Burke, Francis, and Mantra Films Inc. ("Mantra"), and MRA Holdings LLC, ("MRA") president Scott Barbour to attend the mediation. Although Dyer does not have an appearance on file in this matter, Plaintiffs' counsel were told that Dyer would attend as a consultant.

5. On the first day of mediation, the seven plaintiffs, their parents, their four attorneys, and the mediator were present and ready to proceed at 10 AM. Around 10 AM, plaintiffs, their parents, and their counsel, were informed that Francis and his out of town counsel were going to arrive at 11:30 AM. They were told that his private jet was "running late" because Francis' LA counsel, Aaron Dyer, had a hearing that had run late the night before.

6. The plaintiffs, their parents, their counsel, and the mediator, waited and waited. Finally at 1:30 PM, plaintiffs, their parents, and their counsel, were told that Francis had arrived, and the mediation could finally begin.

7. At 2 PM, plaintiff's four attorneys, Mr. Dent, Mr. McCloy, Mr. Selander, and Ms. Pontikes went to make a presentation of Plaintiffs' case to Francis. When they entered the room, they learned that Francis' LA counsel, Aaron Dyer, was not going to attend the mediation.

8.  Francis was wearing sweat shorts, a backwards baseball cap, and was barefoot. He was playing on his electronic devise. As Mr. Selander began his presentation, Francis put his bare, dirty feet up on the table, facing plaintiffs' counsel. Mr. Selander said four words, "Plaintiffs were minor girls", when Francis barked, "are the girls minors now?" Continuing, Mr. Selander said, "plaintiffs are minor girls who were severely harmed by Defendant."

9.  Francis then erupted. "Don't expect to get a fucking dime—not one fucking dime!" This was Francis' mantra which he repeated, about fifteen times, during his tantrum that ensued.

10. "I hold the purse strings. I will not settle this case, at all. I am only here because the court is making me be here!" Francis shouted. Seeing there was to be no mediation in good faith, Plaintiffs attorneys got up to leave the room. Less than three minutes had passed, almost completely taken up by Francis' outburst.

11. As plaintiffs' attorneys were leaving, Francis' threats escalated. "We will bury you, and your clients!" Francis threatened.

12. As Mr. Selander was walking out of the room, Francis got up and faced off with Mr. Selander. Right in Mr. Selander's face, Francis barked, "I'm going to ruin you, your clients, and all of your ambulance chasing partners!"

13. Francis' aggressive move and threats to "bury" and "ruin" Mr. Selander were clearly an assault on Mr. Selander and clearly intended to and did prevent the mediation from ever beginning.

14. As a result of Francis' assault on Mr. Selander, no mediation as to Francis as an individual defendant ever occurred.

15.     Francis then made the only offer he was to make that day, "suck my dick," Francis shouted repeatedly, as plaintiffs' counsel left the mediation room.

16.     After speaking with the mediator, counsel for defendant companies Mantra and MRA agreed to continue to participate in the mediation on behalf of these two company defendants. They said they were authorized to settle the case on behalf of the companies.

17.     Plaintiffs agreed to move forward with the mediation, but only with the corporate defendants. Plaintiffs told Defense counsel that they were only moving forward with the corporations and would not move forward with Francis.

18.     This is not the first time that Francis has bucked this Court's orders and contemptuously thwarted the proceedings.

- Francis has refused requests to produce his personal financial records as required under Florida law;

- Francis moved to have 30(b)(6) depositions of his corporations stalled, because he was the only officer in the single member LLC who could testify to the facts underlying the issues in the complaint. When this Court forced Francis to go forward, he produced people who knew had no first hand knowledge about the events that occurred, even though Ryan Simkin, who was working with him when the events described in the complaint occurred, was a Mantra employee, and the 30(b)(6) deponents testimony was based, in part, on Simkin's criminal deposition;

- Francis denied or objected to Requests to Admits which were *direct quotes* from the statements he had made in the fact section of his Plea Agreement before this Court and before the Federal District Court in California. After a three hour telephone conference with opposing counsel, Defendants said they would amend their requests. The amended requests are no better than the first. Like the first round, attempt to distance Francis from the statements made before this Court and other Courts during the criminal proceedings to take responsibility for his actions.

- Francis has evaded deposition because of his very busy schedule. When called, Francis' counsel has indicated Francis will take the Fifth Amendment as to all facts and circumstances surrounding most everything relative to this case including Plaintiff PL's sexual exploitation, even though he has talked freely about PL and her minor friend B's exploitation on televised national news programs;

- There is still no trial date set in the state criminal proceedings. Francis's counsel has indicated that he will take the fifth on the remainder of the claims in plaintiffs' complaint, as he is still subject to criminal prosecution.

WHEREFORE, Plaintiffs request this Court,

- Enter a Temporary Restraining Order requiring Francis not come within 300 feet of plaintiffs, their families, and their counsel, unless affiliated with a court proceeding;

- Entering an order requiring that Francis behave himself during the remainder of the Court proceedings; meaning, he must show up to the proceedings, on time, must answer all questions politely and truthfully, and cannot threaten or harass plaintiffs, their counsel, or anyone else present;

- Enter an order sanctioning Francis and requiring him personally to pay all travel expenses by all the counsel and their parties, lost wages for all of the parties and their family members, and all attorneys fees associated with the mediation and the mediation preparation and other costs incurred by Plaintiffs in the course of the mediation;

- Enter an order requiring Francis to produce his personal financial records, including interests in any partnership, joint ventures, sole proprietorships, for the past five years; Francis' income tax returns, bank accounts, records, safety depository records, transfers of property documentation within the previous thee years, present ownership of real and personal property and the value thereof, by March 29, 2007;

- Enter an order setting April 6, 2007 as the deadline by which Francis must decide whether he will take the Fifth Amendment or he will testify.

## MEMORANDUM OF LAW

**I.     Plaintiffs are Entitled To Sanctions and A Temporary Restraining Order**

Francis' behavior during the mediation was downright outrageous and contemptuous. Francis assaulted Mr. Selander, and further threatened plaintiffs and their counsel that, "[w]e will bury you, and your clients." Under Florida Statute, the communications during made during the mediation are confidential except when violence is threatened.  § 44.405, Fla. Stat. 2006. Therefore, none of the statements that Francis made during the mediation were confidential.

Plaintiffs are entitled to sanctions and a temporary restraining order for Francis' assault and his threatening behavior. Plaintiffs are entitled to have Francis to pay all travel expenses by all the counsel and their parties, lost wages for all of the parties and their family members, and all attorneys fees and other costs associated with the mediation and the mediation preparation. This Court has implied powers, one of which is to sanction a party for conduct which abuses the judicial process, whether or not the abusive conduct occurs in the courtroom. *Chambers v. Nasco Inc.*, 501 U.S. 32, 43-45 (1991) (upholding the district court's $996,644.65 sanction of attorneys fees and expenses for the client who, acting through his attorneys abused the judicial process). Francis abused the Court ordered mediation process. Instead of beginning the mediation in good faith, Francis assaulted plaintiffs' attorney and told plaintiffs' counsel to "suck my dick."

## II.     Plaintiffs are Entitled To Francis' Personal Financials.

Since plaintiffs are proceeding on a punitive damages claim, Plaintiffs are entitled to personal financial information from Francis. *Donahue v. Herbert*, 255 So. 2d 1264 (Flat 4th Dist 1978). In *Donahue*, the Florida court found that plaintiffs are entitled to documents regarding "(1) interests in any partnerships, joint ventures, or single proprietorships during the previous five years; (2) [defendants'] income, bank statements, safety depositories and transfers of property, all within the past three years, and (3) present ownership of real and personal property and the value thereof." *Id.*

## III.    This Court Should Set April 6, 2007 As The Date By Which Francis Must Decide Whether He Will Take The Fifth For These Proceedings.

This Court can set a date by which Francis must either take the fifth or testify on his own behalf. "Because the privilege is constitutionally based, the detriment to the party asserting it should be no more than is necessary to prevent unfair and unnecessary prejudice to the other

side." *United States v. Certain Real Property and Premises*, 55 F.3d 78, 85 (2d Cir.1995). In *Certain Real Property*, the defendant asserted the Fifth Amendment privilege in response to interrogatories. The plaintiff scheduled a summary judgment conference and a statement supporting summary judgment. In the defendants' counterstatement, he attempted to withdraw his earlier assertion of the Fifth Amendment. The trial court held, and the appellate court affirmed, "[defendant] may not invoke his privilege against self incrimination to hinder the government's discovery efforts and then seek to waive or deny the existence of the privilege on the eve of trial or *equivalent thereof.*" *Certain Real Property*, 55 F.3d at 81.

Francis is invoking his privilege on the equivalent of the eve of trial to hinder Plaintiffs' discovery process. May 15, 2007 is the close of discovery. Plaintiffs have been unable to get any information from the companies or their agents regarding the company policies during 2002 and 2003, when the events occurred, or any of the facts or circumstances in the complaint. During the 30(b)(6) depositions, all of the corporate representatives pointed to Francis as the person in charge and the policy maker for 2002 and 2003. Plaintiffs need Francis' testimony by April 6, 2007 to properly prepare for trial.

Francis is not unnecessarily prejudiced if he were required to make a decision regarding his Fifth Amendment rights by April 6, 2007. Francis has pled out to violations for any federal crimes. Although there is still no trial date in the state criminal proceedings, the state criminal proceedings have been going on for four years with no real end in sight. Plaintiffs have waited for four years to get their day in court. Francis must not be permitted to further stall the process.

## CERTIFICATE OF COMPLIANCE

In compliance with Local Rule 7.1, counsel for the plaintiffs has conferred with defense counsel.

7
DM1\1080462.3

Respectfully submitted,

s/Rachael G. Pontikes
Larry Selander
Daniel Small
Thomas G. Dent
Rachael G. Pontikes
Duane Morris LLP
227 West Monroe Street, Suite 3400
Chicago, IL 60606
(312) 499-6700
Fax: (312) 499-6701
and

D. Ross McCloy, Jr.
Harrison, Sale, McCloy, Thompson
  & Duncan, Chtd.
Florida Bar No. 0262943
Post Office Drawer 1579
Panama City, FL 32402
(850) 769-3434
Fax:  (850) 769-6121

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2007, copies of the foregoing were served by email and hand delivery upon:

Michael P. Dickey
Barron, Redding, Hughes, Fite, Sanborn, Kiehn & Dickey, P.A.
P.O. Box 2467
Panama City, Florida 32402

Michael Burke, Esq.
1601 Cloverfield Avenue
Suite 420 South
Santa Monica, CA 90404

and by U.S. Mail upon:

Mark Schmitz
2509 Sherborne Blvd.
Fort Wayne, IN 46805

s/Rachael G. Pontikes
Rachael G. Pontikes
