**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

JOHN DOE 1, as parent and natural guardian of )
PLAINTIFF C, his minor child; JOHN DOE 2, as )
parent and natural guardian of PLAINTIFF D, his )
minor child; JANE DOE 1 as parent and natural )
guardian of PLAINTIFF B and PLAINTIFF M, her )
minor children; JANE DOE 2, as parent and natural )
guardian of PLAINTIFF J, her minor child; JANE )
DOE 3, as parent and natural guardian of )
PLAINTIFF S, her minor child; and PLAINTIFF L, )
                                               )
                   Plaintiffs,        )    Case No.:  5:03cv260-RS-WCS
                                               )
vs                                             )
                                               )
JOSEPH R. FRANCIS; MRA HOLDING LLC, a )
California limited liability company; MANTRA )
FILMS, INC., an Oklahoma corporation (d/b/a "Girls )
Gone Wild"); AERO FALCONS, LLC, a Delaware )
limited liability company; MARK D. SCHMITZ; and )
RYAN DAVID SIMKIN, )
                                               )
                   Defendants.     )
                                               )

**SUPPLEMENTAL MEMORANDUM OF LAW REGARDING SANCTIONS**
**UNDER RULE 16, FEDERAL RULES OF CIVIL PROCEDURE**

Under Rule 26(f), Federal Rules of Civil Procedure, parties to federal litigation must

confer and among other things, develop a proposed discovery plan and submit such plan to the

court.  On October 16, 2006, a "Report of Parties Planning Meeting" (the "Report") was filed

in the instant case.  Paragraph 1 of the Report states that the parties' meeting was held on

September 25, 2006.

Rule 16(b), Federal Rules of Civil Procedure provides that "the district judge . . . shall,

after receiving the report from the parties under Rule 26(f) . . . enter a scheduling order . . . ." On October 19, 2006, this Court entered an order titled "Scheduling and Mediation Order" and under paragraph 8 ordered the parties to participate in a mediation conference and required that all parties attend such conference.

Rule 16 also permits a court to enter an award of sanctions in certain situations. These situations include "[i]f a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or ***pretrial conference***, or if a party or party's attorney is substantially unprepared to participate in the conference, or ***if a party or party's attorney fails to participate in good faith*** . . . ." Fed. R. Civ. P. 16(f) (emphasis added). Case law has applied the requirement to participate in good faith at pretrial conferences to mediation conferences. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-97 (8th Cir. 2001) (affirming award of sanctions under Rule 16(f) for party's failure to provide court-ordered memorandum to mediator, sending corporate representative to mediation with settlement authority limited to $500, and that any offer over $500 could only be considered by individual not present at mediation); *Francis v. Women's Obstetrics and Gynecology Group, P.C.*, 144 F.R.D. 646, 647-48 (W.D.N.Y. 1992) (issuing order awarding sanctions under Rule 16(f) against party because the failure to provide mediator with a timely pre-mediation statement and the insurance carrier not being in a position to negotiate indicate a failure to participate in good faith in the mediation); *Ferrero v. Henderson*, 2003 WL 21796381, *5-6 (S.D. Ohio 2003) (granting motion for sanctions under Rule 16(f) for, among other things, failure of party to authorize even a "nuisance offer" at mediation).

2

The *Ferrero* case is particularly applicable to the circumstances faced in the instant case. There, the defendant's counsel stated at mediation that the defendant would make no settlement offer because "he did not want Plaintiff to receive any monetary award." *Ferrero*, 2003 WL 21796381 at *5. The district court granted plaintiff's motion for sanctions holding that "[b]ased on Plaintiff's uncontested representation of Defendant's conduct, the Court agrees that Defendant failed to participate in the mediation session in good faith and that this conduct warrants sanctions under Rule 16(f)." *Id.* at *6.

The sanctions available under Rule 16(f) include those provided in Rule 37(b)(2)(B), (C), (D).  Under those provisions, contempt is an acceptable sanction.  Fed. R. Civ. P. 37(b)(2)(D).  In addition to those sanctions permissible under Rule 37, a court may order a party to pay "the reasonable expenses incurred because of any noncompliance with [Rule 16]." Fed. R. Civ. P. 16(f).

Due to Francis' failure to participate in the mediation conference in good faith, this Court has the authority under Rule 16, Federal Rules of Civil Procedure, to sanction Francis and should enter an order consistent with such authority.

Respectfully submitted,


/s/ Larry Selander
Larry Selander
Daniel Small
Thomas G. Dent
Rachael G. Pontikes
Duane Morris LLP
227 West Monroe Street, Suite 3400
Chicago, IL 60606
(312) 499-6700
Fax: (312) 499-6701

and

D. Ross McCloy, Jr.
Robert A. Fleming, III
Harrison, Sale, McCloy, Thompson
   & Duncan, Chtd.
Florida Bar No. 0262943
Post Office Drawer 1579
Panama City, FL 32402
(850) 769-3434
Fax:  (850) 769-6121


ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 30, 2007, copies of the foregoing were served via hand delivery and/or electronic mail:

Michael P. Dickey
Barron, Redding, Hughes, Fite, Sanborn, Kiehn & Dickey, P.A.
P.O. Box 2467
Panama City, Florida  32402

Michael Burke, Esq.
1601 Cloverfield Avenue
Suite 420 South
Santa Monica, CA  90404

and by U.S. Mail upon:

Mark Schmitz
2509 Sherborne Blvd.
Fort Wayne, IN 46805

<u>/s/ Larry Selander</u>