IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN DOE 1, as parent and natural guardian
of PLAINTIFF C, his minor child; JOHN DOE 2,
as parent and natural guardian of PLAINTIFF D,
his minor child; JANE DOE 1, as parent and natural
guardian of PLAINTIFF B and PLAINTIFF M, her
minor children; JANE DOE 2, as parent and natural
guardian of PLAINTIFF J, her minor child;
JANE DOE 3, as parent and natural guardian of
PLAINTIFF S, her minor child; and PLAINTIFF L,

    Plaintiffs,
vs.                                    CASE NO. 5:03cv260/RS

JOSEPH R. FRANCIS; MRA HOLDING LLC,
 California limited liability company; MANTRA
FILMS, INC., an Oklahoma corporation
(d/b/a "Girls Gone Wild"); AERO FALCONS, LLC,
a Delaware limited liability company; MARK D.
SCHMITZ; and RYAN DAVID SIMKIN,

    Defendants.
_____/

## ORDER

Following an evidentiary hearing on March 30, 2007, I found Defendant Joseph Francis to be in civil contempt because of his willful failure to participate in mediation as required by the Scheduling and Mediation Order. I imposed compensatory and coercive sanctions upon Defendant Francis, which included coercive incarceration. At the request of Francis' attorneys, I held in abeyance Francis' surrender to the custody of the United States Marshal upon the condition that he would immediately participate in meaningful settlement negotiations. Negotiations between the parties apparently continued on March 31, 2007, with involvement by the mediator. In the late afternoon of March 31st, the

mediator reported to me that meaningful negotiations had continued that day and that Francis had made an unconditional offer which raised the likely prospect of a settlement. The unconditional offer would remain extended until close of business on April 3, 2007. The mediator has now reported to me that the plaintiffs unconditionally accepted the defendant's offer.  However, the mediator also reported to me that Defendant Francis has now attempted to revoke his unconditional offer and to impose unacceptable conditions. Francis' attempt to renege violates the express condition upon which I suspended the requirement that he surrender to the custody of the United States Marshal.  Therefore, I terminate my suspension of the order for sanctions, and the implementation of those sanctions are to take effect immediately.

Defendant Francis is ordered to surrender to the custody of the United States Marshal at the United States Courthouse in Panama City, Florida, not later than 12:00 p.m., CDT, on Thursday, April 5, 2007.

ORDERED on April 4, 2007.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**